# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6014 | **DATE** | 11/18/2004 |
| **CASE TITLE** | Addison Jones vs. County of Cook, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Motion hearing held. For the reasons stated in the attached Memorandum Opinion and Order, Langer's motion to dismiss Jones' amended complaint is granted in part and denied in part. The claims against the Cook County Department of Corrections are dismissed with prejudice. County of Cook's motion to dismiss the claims against it is denied. Status hearing set for 1/27/05 at 9:00 a.m. The parties are to meet and confer within 7 days and draft an agreed discovery schedule to be filed with the court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 19 2004 date docketed | 43 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/19/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| hmb | courtroom deputy's initials | 2004 NOV 19 AM 8:36 Date/time received in central Clerk's Office | hmb mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ADDISON JONES, <br>     Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) <br> ) | 02 C 6014 |
| COUNTY OF COOK, et al., <br>     Defendants. | ) <br> ) | |

DOCKETED
NOV 1 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Addison Jones asserts that the defendants County of Cook, Cook County Department of Corrections, Dr. Bradley Langer, and John Does I and II failed to provide constitutionally adequate medical care while he was in the custody of the Cook County Department of Corrections. Defendants Bradley Langer and County of Cook seek to dismiss the claims against them pursuant to Rule 12(b)(6). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, Langer's motion to dismiss the claims against him in his official and individual capacities is denied, but his motion to dismiss Jones' request for punitive damages against the individual defendants in their official capacities and Jones' claims against the Cook County Department of Corrections is granted. In addition, County of Cook's motion to dismiss the claims against it is denied.

## I. Background

Jones' well-pled allegations, which are presumed to be true and viewed in a light most favorable to him for the purposes of this motion, are as follows. Jones entered state custody in 1999 and is currently in the custody of the Cook County Department of Corrections. Since 1999, Jones has had chest pain, shortness of breath, and a growing mass on his breast that is currently the size of an egg. A doctor has told him that he has a cyst near his heart.



Defendant Bradley Langer is a physician and the interim medical director at Cook County Hospital. According to Jones, doctors in Cook County Hospital recommended plastic surgery to alleviate his chest problems. In April or May of 2001, Jones spoke with Langer about the lack of additional treatment and Langer told Jones "they were not going to treat [him] any further." Amended Complaint at ¶ 12. According to Jones, Langer thus knew about his serious medical condition and refused to ensure that he received adequate medical care. In Count I of his amended complaint, which is directed at Langer in his individual and official capacities, Jones asserts that Langer's decision not to treat him violates 42 U.S.C. § 1983.

## II. Discussion

### A. Standard for a Motion to Dismiss

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is "to test the sufficiency of the complaint, not to decide the merits." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Thus, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* Moreover, when evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must accept the well-pled allegations of a complaint as true and construe any inferences in favor of the plaintiff. *Thompson v. Ill. Dep't of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

### B. Official Capacity Claims Against Langer

Generally, courts treat a suit against a person in his official capacity as a suit against the governmental entity that employs that person. *Kentucky v. Graham*, 473 U.S. 159, 166 (1984). To state a claim against an entity based on acts committed by its employees, a plaintiff must allege that a government policy or custom caused his injury. *Monell v. New York City Dept. of Soc. Services,*

436 U.S. 658, 694 (1977). To satisfy this standard, Jones must point to an express policy which caused injury or a widespread practice that was so well-settled as to amount to policy, or assert that Langer had final policymaking authority for decisions regarding Jones' medical treatment. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

According to Langer, Jones' official capacity claims against him must be dismissed because a single allegation of wrongdoing can never establish the existence of a custom, policy, or practice. This is incorrect: a single instance of deprivation can show that a policy or custom existed if the decision underlying the deprivation was "properly made by that government's authorized decisionmakers." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1985); *see also Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994) (proof of a single incident of unconstitutional activity can support liability under § 1983 if the incident was caused by a governmental policy).

Langer also contends that Jones' amended complaint does not allege that a person with final decision-making authority caused his injuries or that an unlawful custom or practice existed at Cook County Hospital. In response, Jones asserts that the court may infer that Langer had final policymaking authority and made the decision to deny care pursuant to a governmental policy because Langer was the Interim Medical Director at Cook County Hospital. An allegation that the head of a facility made a decision that caused the harm that a plaintiff suffered sufficiently supports the existence of a policy, custom, or practice for the purposes of a motion to dismiss. *See Johnson v. Raba*, No. 93 C 2285, 1995 WL 42224 at *4 (N.D. Ill. Feb 1, 1995) (allegation that the defendant was the superintendent of the jail where plaintiff was incarcerated was sufficient to withstand a motion to dismiss even though the plaintiff did not specifically allege that the defendant had acted in his role as a final policymaker). The fact that the amended complaint fails to include even

boilerplate allegations of policy, custom, or practice is, therefore, irrelevant. Accordingly, Langer's motion to dismiss the official capacity claims against him is denied.

C. **Personal Capacity Claims Against Langer**

The Due Process Clause of the Fourteenth Amendment and the Eighth Amendment protect prisoners and pretrial detainees from deliberate indifference to a serious medical need.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (Eighth Amendment); *Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001) (Eighth Amendment standard applies to arrestees and pretrial detainees under the Fourteenth Amendment). To satisfy this standard, a pretrial detainee must allege that: (1) he had an objectively serious medical need; and (2) a prison official acted or failed to act with a sufficiently culpable state of mind. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citation and internal quotation omitted). Factors indicating that a medical need is serious include whether: (1) a reasonable doctor or patient would find the condition worthy of comment or treatment; (2) the condition significantly affects the individual's daily activities; and (3) the condition causes chronic and substantial pain. *Jones v. Natesha*, 151 F.Supp.2d 938, 944 (N.D. Ill. 2001).

---

[1] The amended complaint does not specify whether Jones was a pretrial detainee or whether he had already been sentenced at the time of the alleged constitutional violations. The Fourteenth Amendment governs deliberate indifference claims raised by pretrial detainees, while the Eighth Amendment governs similar claims raised by prisoners. *Chapman v. Keltner*, 241 F.3d at 845-46. Regardless of the applicable amendment, however, the legal standard is the same. *Id.*

In this case, Langer contends that the allegation that an unnamed doctor recommended that Jones receive plastic surgery is not enough to show that Jones' medical needs are serious enough to withstand a motion to dismiss. The court disagrees. Jones alleges that since 1999, he has had ongoing chest pain, shortness of breath, and a growing mass on his breast that is currently the size of an egg. He also alleges that a doctor told him he has a cyst near his heart. Chest pain, respiratory problems and an egg-sized growth are not the type of garden-variety aches and pains that are outside the ambit of the Constitution. *Cf. Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (the Constitution does not require a prison medical staff to treat "the sorts of ailments for which many people who are not in prison do not seek medical attention," such as "the sniffles or minor aches and pains"). The court thus turns to whether Langer acted with a sufficiently culpable state of mind when he denied further treatment to Jones.

Jones need not allege that Langer "intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Instead, he must allege that Langer actually knew of a substantial risk of harm to him and acted or failed to act in disregard of that risk. *Walker v. Benjamin*, 293 F.3d 1030, 1036 (7th Cir. 2002); *Zentmyer v. Kendall County*, 220 F.3d, 805, 811 (7th Cir. 2000) (a prison official has a sufficiently culpable state of mind if he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "draw[s] the inference"). Morever, Langer is only potentially liable if his conduct was criminally reckless or intentional. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (negligence cannot lead to liability under § 1983); *Zentmyer v. Kendall County*, 220 F.3d at 812 ("deliberate indifference is an onerous standard for the plaintiff, and forgetting doses of medicine, however incompetent, is not enough to meet it").

According to Langer, the allegations in the complaint do not show that he acted recklessly or deliberately exposed Jones to the risk of death or grievous harm. In support, Langer contends that the fact that he disagreed with another doctor's recommendation to treat Jones' condition with plastic surgery is not enough to show deliberate indifference. He also argues that the allegations in the complaint fail to show that Jones' condition obviously required further treatment.

These types of arguments are not appropriate at the motion to dismiss stage as the allegations in the complaint, when viewed in the light most favorable to Jones, do not show that Langer merely disagreed with other doctors regarding the possible ways to address Jones' situation. Moreover, if the evidence ultimately shows that Jones had, as the complaint alleges, severe chest pain, difficulty breathing, and an egg-sized growth on his chest, Jones may well be able to establish that Langer decided not to treat Jones despite his knowledge of a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The motion to dismiss the individual capacity claims against Langer is, therefore, denied.

### D. The Amended Complaint's Incorporation of Allegations From the Original Complaint

The amended complaint, which was prepared by Jones' counsel, incorporates the allegations from Jones' original pro se complaint. Langer contends that this is improper because the amended complaint supercedes the original complaint. This is an overly broad statement of the law as "an amended pleading supercedes the original pleading" only to the extent that "facts not incorporated into the amended pleading are considered *functus officio.*" *Kelley v. Crossfield Catalysts*, 135 F.3d 1202, 1204-5 (7th Cir. 1998) (collecting cases).

Here, paragraph ten of Jones' amended complaint expressly incorporates and realleges the allegations from the original complaint. In addition, the amended complaint attaches the original complaint as an exhibit. Thus, the allegations in the original complaint are properly before the court. In the interests of forestalling any potential future confusion, the court suggests that when Langer prepares his answer, he should retype the original complaint's allegations as paragraphs 10-[fill in paragraph numbers from original complaint].

### E. Punitive Damages

Langer contends that Jones cannot receive punitive damages against any of the defendants in their official capacities. Jones does not address this issue in his response to Langer's motion to dismiss. Punitive damages under § 1983 are not recoverable against a public entity or against individuals in their official capacities. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). While federal or state law may waive that immunity, Illinois has reaffirmed it for local public entities. *Anderson v. Board of Education of City of Chicago*, 169 F.Supp.2d 864, 871 (N.D. Ill. 2001). Langer's request to strike Jones' request for punitive damages against the individual defendants in their official capacities is, therefore, granted.

### F. Claims against Cook County Department of Corrections

In his motion to dismiss, Langer notes that defendant Cook County Department of Corrections is a Cook County department and does not have a separate legal existence. *See, e.g., McLaughlin v. Cook County Department of Corrections*, 993 F.Supp. 661, 664 (N.D. Ill. 1998). Jones' response to the motion to dismiss does not contest this point. Because it is not a suable entity, Jones' claims against Cook County Department of Corrections are dismissed with prejudice.

### G. Claims Against County of Cook

Defendant County of Cook seeks to dismiss the claims against it, contending that it cannot be held liable for Langer's actions and that, at best, it can only be required to indemnify him if Jones prevails. It is well-established that the doctrine of respondeat superior does not apply in § 1983 actions. *See, e.g., Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 867 (7th Cir. 2004). Thus, County of Cook cannot be held directly liable. Nevertheless, it may be required to pay any judgments entered against Langer. *See Robinson v. Sappington*, 351 F.3d 317, 339 (7th Cir. 2003). Because it may be required to pay damages on behalf of Langer under Illinois law, it is a necessary party. County of Cook's motion to dismiss is, therefore, denied. The court also declines to enter an order at this time barring Jones from seeking discovery from County of Cook as the court trusts that he will take County of Cook's limited potential liability into account when propounding discovery.

### III. Conclusion

Langer's motion to dismiss Jones' amended complaint [36-1] is granted in part and denied in part. Specifically, Jones' request for punitive damages against the individual defendants in their official capacities is stricken with prejudice. In addition, the claims against the Cook County Department of Corrections are dismissed with prejudice. The remaining relief requested in Langer's motion is denied. In addition, County of Cook's motion to dismiss the claims against it is denied.

DATE: 11/18/04

Nan R. Nolan
United States Magistrate Judge

- 8 -